United States District Court
Southern District of Texas

**ENTERED**
March 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REGINALD ANDRE CALLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-CV-00060 |
| | § | |
| BOBBY LUMPKIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Reginald Andre Callis is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding *pro se*, Callis filed a 28 U.S.C. § 2254 habeas corpus petition on August 27, 2020.  (D.E. 1).  Callis contends that his state proceedings contained fundamental error because he was found guilty without either a jury trial or a guilty plea.  Respondent filed a motion to dismiss contending that the petition is second or successive or, alternatively, that it is untimely. (D.E. 14).  Callis has responded.  (D.E. 16, 17).  As discussed more fully below, it is respectfully recommended that Respondent's motion to dismiss be granted in part and Callis's habeas corpus petition be dismissed with prejudice as untimely.  It is further recommended that a Certificate of Appealability ("COA") be denied.

## I.   JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Callis was convicted in Jackson County, Texas.  28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.   BACKGROUND

### a.   Petition and Claims

In his § 2254 petition and attached memorandum, Callis states that he is challenging his conviction in state case number 08-3-7806, for which he received a 30-year sentence on May 15, 2008.[1]  (D.E. 1 at 2).  He indicates that he wishes to raise four claims in his petition, but liberally construed, all four claims argue that his constitutional rights were violated when the trial court committed the fundamental error of finding him guilty without either a jury trial or a guilty plea.  (*Id.* at 6-7; D.E. 1-1 at 4-5).  Alternatively, he argues that his guilty plea was involuntary.  (D.E. 1-1 at 5).

### b.   State Court Records

#### i.   Case Number 08-4-7851

In April 2008, Callis was charged in an indictment with possession of cocaine with intent to distribute, in violation of Texas Health and Safety Code § 481.112 (Count 1), and possession of cocaine, in violation of Texas Health and Safety Code § 481.115 (Count 2). (D.E. 12-11 at 118-19).  On May 15, 2008, following a jury trial, he was found guilty of

---

[1] As will be discussed further below, Callis had another conviction on May 15, 2008, in case number 08-4-7851.

count one[2] and sentenced to life imprisonment.  (*Id.* at 120).  The trial court initially

indicated that it was not a plea bargain case and that Callis had the right to appeal, but

subsequently amended the certification of appellate rights to indicate that Callis had waived

the right to appeal.  (D.E. 12-13 at 38).

Callis attempted to directly appeal his conviction, but the Thirteenth District Court

of Appeals concluded that he had waived his right to appeal and dismissed the appeal on

October 16, 2008.  (D.E. 12-11 at 123-24).

On April 30, 2009, Callis filed an application for a writ of habeas corpus in state

court under Article 11.07 of the Texas Code of Criminal Procedure.  (D.E. 12-11 at 6-64).

In this application, Callis raised arguments related to both his conviction in case number

08-4-7851 and case number 08-3-7806.  (*See id.* at 11-15).  The application was transferred

to the Texas Court of Criminal Appeals ("TCCA") by operation of law after the trial court

did not take any action within 35 days, which constituted a finding that there were no

previously unresolved facts material to the legality of Callis's confinement.  (*Id.* at 128).

On June 17, 2009, the TCCA dismissed the application as noncompliant with Texas Rule

of Appellate Procedure 73.1.  (*Id.* at 2).

On June 22, 2015, Callis filed an Article 11.07 application requesting leave to file

an out-of-time appeal in case number 08-4-7851 due to ineffective assistance of counsel,

along with other claims of ineffective-assistance relating to that case.  (D.E. 13-2 at 10-16,

20).  The application was transferred to the TCCA by operation of law after the trial court

---

[2] It is unclear from the record what happened to Count 2.

did not take any action within 35 days.  (*Id.* at 71).  The TCCA denied the application without written order on August 19, 2015.  (D.E. 12-16 at 1).

On February 4, 2016, Callis filed a § 2254 petition in federal court challenging his conviction.  (S.D. Tex. Case No. 6:16-cv-00007, D.E. 1 at 2, 11).  Although he noted case number 08-3-7406, Callis's claims were that counsel performed deficiently and deprived him of his right to appeal in case number 08-4-7851 and failed to raise a suppression issue in that case.  (*Id.* at 7).  The District Court denied the petition with prejudice as untimely.  (*Id.*, D.E. 20 at 4-10).

On February 21, 2018, Callis filed a second Article 11.07 application raising a claim solely related to case number 08-4-7851.  (D.E. 13-8 at 5-30).  The application was transferred to the TCCA by operation of law after the trial court did not take any action within 35 days.  (D.E. 13-9 at 17).  The TCCA dismissed the application as a subsequent application.  (D.E. 13-7 at 1).

          *ii.*     *Case Number 08-3-7806*

On March 7, 2008, Callis was charged in an indictment with possession of cocaine with intent to deliver, in violation of Texas Health and Safety Code § 481.112 (Count 1), and possession of cocaine, in violation of Texas Health and Safety Code § 481.115 (Count 2).  (D.E. 12-15 at 33-34).

A May 15, 2008, proposed punishment recommendation signed by Callis, his lawyer, and the state's lawyer recommended that he be sentenced to 30 years' imprisonment, consecutive to his sentence in case number 08-4-7851.  (D.E. 12-13 at 45).

The recommendation further stipulated that Callis would waive his right to appeal in both cases.  (*Id.* at 45-46).

On the same day, Callis pleaded guilty to Count 1 and was sentenced to 30 years' imprisonment, to run consecutively with his life sentence in case number 08-4-7851.  (D.E. 12-15 at 66; D.E. 13-2 at 36-37, 39).  The trial court entered a certification of Callis's right to appeal indicating that it was a plea bargain case and there was no right to appeal.  (D.E. 12-13 at 40).  Callis did not file a direct appeal.

On March 22, 2013, Callis filed an Article 11.07 application raising challenges solely to his guilty plea and conviction in case number 08-3-7806.  (D.E. 12-15 at 7-30). The application was transferred to the TCCA by operation of law after the trial court did not take any action within 35 days.  (*Id.* at 70).  The TCCA denied the application without written order on May 22, 2013.  (*Id.* at 2).

On October 7, 2019, Callis filed a second Article 11.07 application, raising the same claim as in his current petition.  (D.E. 13-14 at 10-11, 20).  The trial court recommended denying the application on the merits, in accordance with the state's argument.  (*Id.* at 60-62, 78).  The TCCA instead dismissed the application as a subsequent application on January 8, 2020.  (D.E. 13-12 at 1).[3]

---

[3] The record indicates that the TCCA later denied another Article 11.07 application as a subsequent application.  (D.E. 13-15 at 1).  However, it appears that the trial court sent an exact copy of the record from the previous Article 11.07 application to the TCCA, which then ruled for a second time on the same application.  (*See generally* D.E. 13-16).

### III.  DISCUSSION

#### a.  *Second or Successive*

In the motion to dismiss, Respondent contends that Callis's § 2254 should be dismissed for lack of jurisdiction because it is second or successive following his previous § 2254 petition in case number 6:16-cv-00007.  (D.E. 14 at 5-11).  Specifically, Respondent contends that Callis is challenging the same custody imposed by the same judgment of a state court, rendering his petition second or successive.  (*Id.* at 10).

Callis responds by reiterating the claims in his petition, and also contends that his previous § 2254 petition was about a different conviction.  (D.E. 16 at 1-4; D.E. 17 at 1-2).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ.  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application.  "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  Where a petitioner brings two claims contesting the same custody imposed by the same judgment of a state court, he is required to obtain authorization from the Court of Appeals before filing the second challenge. *Burton v. Stewart*, 549 U.S. 147, 153 (2007).  This Court lacks jurisdiction over

a habeas action that is "second or successive." *See Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).

Here, Callis's § 2254 petition is not second or successive because he is not challenging the same judgment and conviction as in his previous petition.  The reason for this is best shown by first contrasting this case with the case that Respondent cites in support, *Burton*.  In *Burton*, the petitioner filed a § 2254 petition challenging only his convictions, and later filed a second § 2254 petition challenging only his sentence.  *Burton*, 549 U.S. at 149-52.  As in this case, the procedural history of *Burton* is somewhat complicated, but the petitioner's bifurcated filings in that case were due to the fact that he was still challenging his sentence in state court when he filed the first § 2254 petition.  *See id.*  He was partially successful on his sentencing challenges, which resulted in a total of three judgments being entered, each replacing the former as the operative judgment.  *See id.*  For this reason, the petitioner contended that his petition was not second or successive because he was challenging the second judgment in his first petition and the third judgment in his second petition.  *Id.* at 155-56.  However, the Supreme Court rejected this argument, concluding that the second judgment was entered before he filed his first § 2254 petition, which meant that he was detained under the same judgment at the time of both petitions and, ultimately, challenging the same judgment in both petitions.  *Id.* at 156.  Accordingly, the Court held that the petition was second or successive.  *Id.* at 153.

Unlike the petitioner in *Burton*, Callis is not challenging the same judgment that he challenged in his first § 2254 petition.  The three separate judgments relevant to the decision in *Burton* were all for the same convictions, and each superseded the one that

came before it. *Id.* at 149-51. They were the result of the petitioner twice successfully challenging his sentence for those convictions. *Id.* at 150-51. That is not the case here, where there are two separate judgments entered in two separate cases, arising from two separate indictments, for two separate offenses that each carry their own sentence, to be served consecutively. (D.E. 12-11 at 120; D.E. 12-15 at 66). Although the two judgments were entered on the same day, they were not entered at the same time or during the same proceedings, and the second judgment did not supersede the first judgment. (*See id.*; D.E. 13-2 at 36-37). This is best exemplified by the fact that, even had Callis been successful in his previous § 2254 petition and managed to overturn his conviction in case number 08-4-7851, that would not have affected his conviction and sentence in case number 08-3-7806, which was an independent sentence to be commenced when his sentence in case number 08-4-7851 ceased to operate. (*See* D.E. 13-2 at 36-37).

Notably, it appears that the Texas state courts reached the same conclusion when applying the similar state rule against subsequent applications. *See* Tex. Code Crim. Proc. Art. 11.07, § 4. Callis's original Article 11.07 application, which raised challenges to both cases, was dismissed as noncompliant. (D.E. 12-11 at 2). In March 2013, Callis filed an Article 11.07 application challenging only case number 08-3-7806, which was denied on the merits. (D.E. 12-15 at 2). His second Article 11.07 application challenging that case was dismissed as a subsequent application. (D.E. 13-12 at 1). Similarly, in June 2015, Callis filed an Article 11.07 application challenging only case number 08-4-7851, which was denied on the merits. (D.E. 12-16 at 1). His second Article 11.07 application challenging that case was dismissed as a subsequent application. (D.E. 13-7 at 1). Thus,

8

the TCCA allowed Callis to file one compliant Article 11.07 application on each case before dismissing any applications as subsequent, suggesting that it viewed these two convictions as separate under Texas law.

Accordingly, because he is not challenging the same judgment of conviction as in his previous § 2254 petition, Callis's current petition is not second or successive.  His claims in the current petition could not have been raised in his previous petition because that petition was about a different case.  *See Orozco-Ramirez*, 211 F.3d at 867 (stating that a petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition).

### b.  *Timeliness*

Alternatively, Respondent argues that Callis's petition is untimely.  (D.E. 14 at 12-15).  Respondent argues that Callis's conviction became final on June 14, 2008, and his § 2254 petition was accordingly due by June 14, 2009, absent statutory or equitable tolling.  (*Id.* at 12-13).  Respondent argues that Callis is not entitled to statutory tolling because he did not submit a properly-filed state habeas application within the one-year limitations period.  (*Id.* at 13-14).  Finally, Respondent argues that Callis is not entitled to equitable tolling because he has not shown a rare or exceptional circumstance to warrant such tolling.  (*Id.* at 14-15).

Callis responds by reiterating the claims in his petition.  (D.E. 16 at 1-4; D.E. 17 at 1-2).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).

9

The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  *Id.* § 2244(d)(1).

A notice of direct appeal of a criminal conviction must be filed within 30 days after the sentence is imposed.  Tex. R. App. P. 26.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period.  28 U.S.C. § 2244(d)(2).  A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way.  *Id.* at 649.  Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights.  *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).  A standard claim of excusable neglect is insufficient. *Id.*  Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).  The failure to satisfy the limitation

period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Callis's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. He had 30 days to file a direct appeal following the imposition of the sentence on May 15, 2008. Tex. R. App. P. 26.2(a). Because he did not file a direct appeal, his conviction became final at the expiration of those 30 days on June 16, 2008.[4] (*See* D.E. 12-15 at 66). His time to file a § 2254 petition expired one year later on June 16, 2009. 28 U.S.C. § 2244(d)(1). None of the other potential start dates for the limitations period appear to apply based on the claims in the petition.

As to statutory or equitable tolling, Callis filed his first Article 11.07 application on April 30, 2009, but it was dismissed as noncompliant and did not toll the limitations period. (D.E. 12-11 at 2); 28 U.S.C. § 2244(d)(2) (noting that a state application must be properly filed to toll the limitations period). He did not file his first compliant Article 11.07 application on this conviction until March 22, 2013, after the limitations period had already expired. (D.E. 12-15 at 18); *Scott*, 227 F.3d at 263. Thus, he is not entitled to statutory tolling. Finally, Callis has not established that he is entitled to equitable tolling because he has not raised any extraordinary circumstance that prevented him from filing his § 2254 petition earlier. *Holland*, 560 U.S. at 649. Accordingly, Callis has not established that he is entitled to statutory or equitable tolling, and his petition is untimely.

---

[4] June 14, 2008, was a Saturday.

## IV.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Callis has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Callis's claims are time-barred.  Therefore, it is further recommended that any request for a COA be denied.

## V.      RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion to dismiss (D.E. 14) be GRANTED in part and Callis's § 2254 petition be DISMISSED with prejudice as untimely.  In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted on March 19, 2021.

_____
Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).