UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REGINALD ANDRE CALLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00060 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the March 19, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 19). In the M&R, Magistrate Judge Hampton recommends that the Court (1) grant in part Respondent Bobby Lumpkin's Motion to Dismiss; (2) dismiss *pro se* Petitioner Reginald Andre Callis's petition for writ of habeas corpus under 28 U.S.C. § 2254 as untimely; and (3) deny a certificate of appealability.

The Parties received proper notice and the opportunity to object to the proposed findings and recommendations.[1]  *See* 28 U.S.C. § 636(b)(1).  Callis filed timely objections.[2]

---

[1] Rule 72 normally governs review of a magistrate judge's M&R. The comment to Rule 72 of the Federal Rules of Civil Procedure, however, states that Rule 72 is inapplicable in the habeas corpus context.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord Nara v. Frank*, 488 F.3d 187, 195 (3d Cir. 2007).

[2] A letter dated March 26, 2021, but mailed March 29, 2021, states that Callis intends to file objections to the M&R "within 15 days." (Dkt. No. 21); (Dkt. No. 21-1). A white card indicating when Callis received the M&R was not returned. Thus, the Court assumes Callis received the M&R no later than March 26, 2021—the date of the letter. Objections were therefore due no later than April 9, 2021. Callis's objections were mailed April 5, 2021. (Dkt. No. 22-2).

(Dkt. No. 22). He also filed untimely objections.[3] (Dkt. No. 24). As a result, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Relevant here, a court must liberally construe *pro se* filings. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). The Court has conducted *de novo* review of the M&R, the objections, the record, and the applicable law. After careful review, the Court **ACCEPTS** the M&R.

## I. DISCUSSION OF OBJECTIONS

Magistrate Judge Hampton recommends that the Court grant in part the Motion to Dismiss and dismiss Callis's habeas petition as untimely. (Dkt. No. 19 at 9–11). Specifically, the deadline for Callis to file a habeas petition was over a decade ago and Callis has not shown that he is entitled to equitable tolling. (*Id.*). Callis, in his objections, solely argues that he is entitled to equitable tolling. (Dkt. No. 22 at 1–2). The Court agrees with Magistrate Judge Hampton and holds that Callis's habeas petition is untimely.

The statute of limitations for a Section 2254 habeas petition is one year. 28 U.S.C. § 2244(d)(1). This one-year-limitations period begins to run from the latest of:

---

[3] On May 6, 2021, Callis filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(4). (Dkt. No. 24); (Dkt. No. 24-2). Magistrate Judge Hampton construed the motion as additional objections to the M&R while also noting that Rule 60 applies to relief from a federal, not state, judgment. (Dkt. No. 25). This second objection is untimely because it was filed more than fourteen days after receipt of the M&R. *See* 28 U.S.C. § 636(b)(1). Nonetheless, the Court considers the filing. Callis merely reiterates that there is "fundamental error" because there was not a plea. As the Court explains, however, these arguments do not change the fact that Callis's habeas petition is untimely.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In this case, Callis was sentenced on May 15, 2008.[4] (Dkt. No. 12-15 at 66). Five months later, on October 16, 2008, the Thirteenth Court of Appeals dismissed Callis's appeal.[5] (Dkt. No. 12-11 at 123–24). At best, then, Callis's conviction was "final" for federal habeas purposes on October 16, 2008. *See* 28 U.S.C. § 2244(d)(1)(A). This means Callis's deadline to file a federal habeas petition was one year later: October 16, 2009. *See id.* § 2244(d)(1). Callis did not file his federal habeas petition until September of 2020.

---

[4] There are two state cases referenced in the M&R: case number 08-3-7806 and case number 08-4-7851. (Dkt. No. 19 at 2–5). The current habeas petition pertains to case number 08-3-7806. (Dkt. No. 1 at 2–3). The four grounds raised in this petition all center on the alleged absence of a plea. (*Id.* at 6–7); (Dkt. No. 1-1 at 2–3).

[5] Callis states that he appealed his conviction in case number 08-3-7806. (Dkt. No. 1 at 3). The appeal he cites, however, was not a direct appeal. Rather, it was a *second* appeal. *Callis v. State*, No. 13-19-00408-CR, 2019 WL 4546530, at *1 (Tex. App.—Corpus Christi Sept. 19, 2019, no pet.). The direct appeal in case number 08-3-7806 was dismissed on October 16, 2008, "because the trial court's certification did not show the defendant had the right of appeal." *Id.* at n.1.

(Dkt. No. 1). As a result, the current habeas petition is untimely by over a decade unless tolling applies.[6]

The Supreme Court has held that Section "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). But "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649, 130 S.Ct. at 2562 (quotations omitted). Equitable tolling in Section 2254 cases applies "only in rare and exceptional circumstances," *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), and the petitioner carries the burden. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

Here, Magistrate Judge Hampton concludes that "Callis has not established that he is entitled to equitable tolling because he has not raised any extraordinary circumstance that prevented him from filing his § 2254 petition earlier." (Dkt. No. 19 at 11). Callis objects, arguing that the state trial court's finding of guilt and sentencing without a guilty plea or jury trial is a "structural error" that violates the due process clause and warrants equitable tolling. (Dkt. No. 22 at 1–2). In other words, Callis merely reformulates the grounds raised in his petition under the guise of equitable tolling. *Compare* (*Id.*) *with* (Dkt. No. 1 at 6–7).

Callis does not explain how "he has been pursuing his rights diligently" and how an "extraordinary circumstance stood in his way and prevented timely filing" of his

---

[6] Callis does not advance another statutory basis under Section 2254(d)(1) for calculating the latest date that the limitations period starts to run.

federal habeas petition.  *See Holland*, 560 U.S. at 649, 130 S.Ct. at 2562 (quotations omitted).  Callis's silence is particularly telling because he waited over a decade *after* the statute of limitations expired to file his federal habeas petition.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief.").  Instead of explaining the delay, Callis invites the Court to first examine the merits of his habeas claims.[7]  This gets it exactly backwards.  The threshold inquiry raised by the Respondent is whether the petition was timely filed.  *See Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) (declining to distinguish AEDPA's statute of limitations from other "threshold constraints").  And if the petition is untimely, the "one-year statute of limitations bars his petition for a writ of habeas corpus."  *Manning v. Epps*, 688 F.3d 177, 190 (5th Cir. 2012).  Moreover, Callis's arguments on the merits here are irrelevant to his decade-long delay in filing.  This is simply not a "rare and exceptional" circumstance that warrants departure from the express statute of limitations provided by Congress.  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).  Thus, the Court concludes that Callis is not entitled to equitable tolling.  His petition is therefore barred by the statute of limitations.

---

[7]   Callis asks the Court to examine the merits because a "structural error" alone warrants equitable tolling.  (Dkt. No. 22 at 2).  But "there is no authority for the proposition that a claim of structural error supersedes the federal statute of limitations."  *Coxe v. Glebe*, No. 3:16-CV-05450-BHS-JRC, 2017 WL 2270258, at *5 (W.D. Wash. Mar. 23, 2017), *report and recommendation adopted*, No. 16-5450 BHS, 2017 WL 2256893 (W.D. Wash. May 23, 2017).  The Court's inquiry under these circumstances is whether Callis has shown that he is entitled to equitable tolling.  *See, e.g.*, *West v. LaRose*, No. 1:14CV316, 2015 WL 1321715, at *4 (N.D. Ohio Mar. 24, 2015) (rejecting the petitioner's argument that a structural error results in equitable tolling because the petitioner failed to explain how the alleged structural error impacted his "ability to pursue *federal* post-conviction relief in a timely manner").  He has not.

## II. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court. The Court **GRANTS IN PART** and **DENIES IN PART** Respondent Bobby Lumpkin's Motion to Dismiss. Specifically, the Court **DISMISSES WITH PREJUDICE** Petitioner Reginald Andre Callis's habeas petition under 28 U.S.C. § 2254 as untimely. (Dkt. No. 1). The Court further **DENIES** a certificate of appealability. Finally, the Court **DENIES** all other requested relief in the Motion to Dismiss.

It is SO ORDERED.

Signed on November 23, 2021.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**