United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REGINALD ANDRE CALLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00060 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Petitioner Reginald Andre Callis's Motion for Reconsideration. For the following reasons, the Court **DENIES** the Motion.

### I. LEGAL STANDARD

The Court construes Callis's Motion for Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure because it was filed within 28 days of final judgment. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019); *see also T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). Rule 59(e) states in full: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Granting a Rule 59(e) motion is appropriate in three circumstances: "(1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Towers Watson*, 11 F.4th 335, 345 (5th Cir. 2021) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). A Rule 59(e) motion must "clearly establish" one of these

categories to obtain relief. *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). Moreover, relief under Rule 59(e) is an extraordinary remedy. *Def. Distributed v. United States Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020).

## II. ANALYSIS

On November 23, 2021, the Court adopted Magistrate Judge Julie K. Hampton's Memorandum and Recommendation and entered a Final Judgment. (Dkt. No. 30). The Court rejected Callis's arguments related to equitable tolling, dismissed Callis's 28 U.S.C. § 2254 petition as untimely by over a decade, and denied a certificate of appealability. (*Id.*).

In his current Motion for Reconsideration, Callis again argues that he is entitled to equitable tolling. (Dkt. No. 33). In support, he asserts that he failed to timely file his habeas petition because his lawyer in state court was constitutionally defective under *Strickland*. (*Id.* at 2). Callis also argues that "the plea hearing was defective"—what he calls a "structural error." (*Id.*). While acknowledging that equitable tolling requires *both* that he has been pursuing his rights diligently *and* that an extraordinary circumstance stood in his way, Callis only argues that there is an extraordinary circumstance. (*Id.* at 3–4); *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010).

Callis does not provide a meritorious basis for extraordinary relief under Rule 59(e). He does not advance a manifest error of law or fact, present newly discovered evidence, or point to an intervening change in law. *See Jennings*, 11 F.4th at 345. Instead, Callis merely rehashes arguments that this Court already addressed—an alleged

structural error and his counsel's deficient performance as bases for equitable tolling. *Compare* (Dkt. No. 30 at 4–5) *with* (Dkt. No. 33). This is fatal for Callis because a Rule 59(e) motion is not appropriate to re-urge the same arguments. *Hamilton v. Stephens*, 183 F. Supp. 3d 809, 814 (W.D. Tex. 2016). In any event, as the Court already explained, Callis is not entitled to equitable tolling.

### III.  CONCLUSION

Extraordinary relief under Rule 59(e) is unwarranted. Accordingly, the Court **DENIES** the Motion for Reconsideration. (Dkt. No. 33). This case remains closed.

It is SO ORDERED.

Signed on January 12, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**