United States District Court
Southern District of Texas
**ENTERED**
March 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REGINALD ANDRE CALLIS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 6:20-CV-00060 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## ACCEPTING IN PART MEMORANDUM AND RECOMMENDATION

Pending before the Court is the January 28, 2022 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton. (Dkt. No. 41). In the M&R, Magistrate Judge Hampton recommends that the Court (1) deny Petitioner Reginald Andre Callis's Application for Leave to Proceed *In Forma Pauperis* on Appeal because he can pay the filing fee; and (2) order Callis to pay the fee within twenty days.

The Parties received proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1). Callis received notice on February 3, 2022, (Dkt. No. 44), but did not object. Instead, Callis filed a second Application for Leave to Proceed *In Forma Pauperis* on Appeal.[1] (Dkt. No. 42). Because Callis did not object to the M&R, the Court's

---

[1]   The second application provides more detail than the first.  *Compare* (Dkt. No. 39) *with* (Dkt. No. 42).  The second application, however, was not Callis's attempt at addressing the deficiencies identified in the M&R because the second application was signed the day before Callis received notice of the M&R.  *Compare* (Dkt. No. 42 at 2) *with* (Dkt. No. 44).

review of the M&R is straightforward: plain error. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

Magistrate Judge Hampton originally recommended that the Court deny the Application to Proceed *In Forma Pauperis* because Callis had enough money to pay the filing fee. (Dkt. No. 41 at 1). Since then, Callis has provided documentation that he no longer has money to pay the fee. (Dkt. No. 43). Despite the change in Callis's ability to pay since the M&R was issued, the Court agrees with the M&R's recommendation to deny the Application to Proceed *In Forma Pauperis*, albeit on an alternative basis.

As an initial matter, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (internal quotations omitted). "The inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (internal quotations omitted). If the district court certifies that the appeal is not taken in good faith, it must "set forth in writing the reasons" for that decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Here, the appeal does not involve legal points that are arguable on the merits. As the Court twice explained, the deadline to file the habeas petition was over a decade ago, and Callis has not presented a nonfrivolous argument as to equitable tolling. (Dkt. No. 30); (Dkt. No. 37); *see also Baugh*, 117 F.3d at 202 n.21 (explaining that a district court can comply with the written reasons requirement by "incorporat[ing] by reference its decision dismissing

the prisoner's complaint on the merits"). As such, the Court certifies that Callis's appeal is not taken in good faith.

Next, under the Federal Rules of Appellate Procedure:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Rule 24(a)(3) does not apply because Callis was not permitted to proceed *in forma pauperis* in this case; instead, he paid the filing fee. *See* (Dkt. No. 7). Thus, Callis was required to attach an affidavit addressing the three circumstances under Rule 24(a)(1). He has not. For example, the Applications to Proceed *In Forma Pauperis* do not state the issues that Callis intends to present on appeal. In sum, Callis fails to provide a basis for proceeding *in forma pauperis* on appeal.

With this backdrop, the Court **ACCEPTS IN PART** the M&R. The Court accepts the recommendation to deny the Application to Proceed *In Forma Pauperis*. The Court, however, denies the application *with* prejudice, rather than without prejudice. It would be futile to provide Callis an opportunity to cure the deficiency under the Federal Rules of Appellate Procedure because the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Court further **CERTIFIES** that any appeal of this action would not be taken in good faith.  The Court finally **DENIES WITH PREJUDICE** Callis's Applications to Proceed *In Forma Pauperis* on Appeal.  (Dkt. No. 39); (Dkt. No. 42).  Callis may "contest the certification decision by filing a motion for leave to proceed IFP with the court of appeals." *Baugh*, 117 F.3d at 201; *see also* Fed. R. App. P. 24(a)(5).

It is SO ORDERED.

Signed on March 7, 2022.

*Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**